IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE            )
TAX INDEBTEDNESS OF             )
                                ) MISC. NO.
███████████████████             )
                                )
                                )
                                )

## APPLICATION OF THE UNITED STATES
## TO ENTER PREMISES TO EFFECT LEVY

Under the authority of 26 U.S.C. §§ 7402(a) and 6331, the United States of America, on the basis of the attached declaration of Revenue Officer ███████, respectfully requests that this Court enter an order authorizing Revenue Officer ███████ and other employees (including armed escorts), as designated by the Internal Revenue Service, to enter the premises located at ███████████████████████ ███████████ for the purpose of seizing the property of Kokoro LLC, as may be found therein which is subject to levy and distraint by the United States in satisfaction of the outstanding federal taxes now due and owing by ███████, together with interest and costs as allowed by law.

The name ███████ is a pseudonym. It is adopted for safety and privacy reason. The use of pseudonyms by IRS employees is authorized by Section 3706 of the IRS Restructuring and Reform Act of 1998, Pub.L. 105-206, Title III, § 3706, July

22, 1998, 112 Stat. 778 ("RRA"). *See United States v. Reed*, 75 F.4th 396, 402 (4th Cir. 2023); *Haber v. United States*, 823 F.3d 746, 755 n.6 (2d Cir. 2016); *United States v. Wanland*, 2017 WL 4269887, *9 (E.D. Cal. Sept. 26, 2017). Pursuant to section 3706, the courts have also authorized the use of pseudonyms in the context of declarations by IRS employees. *See United States v. Pound*, 2010 WL 2803918, *1 n.4 (E.D. Okla. Feb. 2, 2010); *Springer v. IRS*, 1997 WL 732526, *5 (E.D. Cal. Sept. 12, 1997)(both cases holding that 28 U.S.C. § 1746 does not prohibit use of pseudonym, so long as the use is expressly stated in the declaration and the actual person can be identified); *see also United States v. West*, 2010 WL 3951941, at *4 (N.D. Ill. Oct. 4, 2010) ("Pseudonyms can be used when a witness's safety must be maintained.").

The United States is requesting that Revenue Officer ▮▮▮▮▮▮▮▮ and other employees (including armed escorts), as designated by the Internal Revenue Service, be authorized to make multiple entries within 10 days of the date of the Court's order for entry on premises to seize property subject to levy and distraint.

In support of this application, the United States respectfully shows to the Court the following:

1.   Federal district courts have original jurisdiction of any civil action arising under any act of Congress providing for the internal revenue. 28 U.S.C. § 1340; *see also* 28 U.S.C. §§ 1345 and 1356.

2.   Congress has conferred jurisdiction upon federal district courts to make and issue in civil actions, writs and orders of injunction and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a).

3.   The district courts are vested with jurisdiction under 26 U.S.C. § 7402(a) to enforce levies of the Internal Revenue Service by summary, ex parte proceedings. *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1985) ("[I]t has also been recognized that the issuance of an order authorizing entry is to take place in a summary, *ex parte* proceeding and is not to be converted into an adversary proceeding."); *see also Moore v. Felger*, 19 F.3d 1054, 1056 n.1 (5th Cir. 1994); *United States v. Shriver*, 645 F.2d 221, 222 (4th Cir. 1981); *Matter of Carlson*, 580 F.2d 1365 (10th Cir. 1978); *United States v. First National City Bank*, 568 F.2d 853 (2d Cir. 1977); *United States v. Mellon Bank, N.A.*, 521 F.2d 708 (3rd Cir. 1975).

4. If any person liable to pay any federal tax refuses or neglects to pay it within ten days after notice and demand, it shall be lawful for the Internal Revenue Service to collect the tax and necessary expenses by levy upon all property and rights to property not otherwise exempt from levy belonging to such person or on which there is a lien for payment of the tax. 26 U.S.C. § 6331(a).

5. Collection of taxes by the summary method of distraint provided by the Internal Revenue Code is not a denial of due process. *See Phillips v. Comm'r of Internal Revenue*, 283 U.S. 589 (1931).

6. A writ is necessary for entry on private property for purposes of effecting a levy on and seizure of personal property in aid of collection of taxes except where there are exigent circumstances. *See General Motors Leasing Corp. v. United States*, 429 U.S. 338, 354-55 (1977).

7. A writ is to be issued upon application with supporting affidavit or declaration showing cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid tax. *See Moore*, 19 F.3d 1054 at 1058.

8. Cause to enter property and to effect a levy in aid of the administrative collection of taxes does not require a

-4-

finding of probable cause required to support a criminal search warrant. *See Carlson*, 580 F.2d at 1377-81.

9.  Issuance of the writ authorizing entry is to take place in a summary, ex parte proceeding and is not to be converted into an adversary proceeding. *See Campbell*, 761 F.2d at 1186.

WHEREFORE, the United States respectfully requests that the Court issue a writ in the form of the accompanying proposed order permitting Revenue Officer ▓▓▓▓▓▓▓▓ and other employees, as designated by the Internal Revenue Service, to enter the premises located at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, for the purpose of seizing the property of ▓▓▓▓▓▓▓▓, as may be found therein. The United States requests that the writ authorize multiple entries onto the premises within 10 days of the date of the Court's order to effect levy.

Dated this 28th day of June, 2024.

                                        Gregory J. Haanstad
                                        United States Attorney

                                        By: /s/ Aaron R. Wegrzyn

                                        Aaron R. Wegrzyn
                                        Assistant United States Attorney
                                        United States Attorney's Office

Eastern District of Wisconsin
517 E. Wisconsin Ave., Suite 530
Milwaukee, WI 53202
aaron.wegrzyn@usdoj.gov
(414) 297-4296